UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KINLEY MACDONALD, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:22-cv-00329-JAW |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Petitioner, a pretrial detainee in a county jail, seeks habeas relief pursuant to 28 U.S.C. § 2254.  (Petition, ECF No. 1.)  Petitioner contends her counsel in a state court criminal matter has rendered ineffective assistance and that the state court bail is unreasonable.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").[1]  After a review of Petitioner's request for habeas relief, I recommend the Court dismiss the petition.

---

[1] Because Petitioner is evidently not in custody pursuant to a state court judgment, it is § 2241, rather than § 2254, that governs the petition.  However, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions."  *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

## DISCUSSION

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings.  *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Abstention is called for "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges."  *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).   Petitioner does not assert that the state criminal proceedings have reached a final resolution.  To the contrary, Petitioner asserts that she has not pled to the charge(s), that there has been no indictment, and that she "will have" a jury trial. (Petition at 1-2.)  The criminal proceedings alleged in the petition are judicial in nature, implicate important state interests associated with the State's administration of its laws, and the state court system affords Petitioner an adequate opportunity to raise federal constitutional challenges.  Abstention, therefore, is presumptively appropriate.

"Courts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012). In this case, Plaintiff has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption in favor of abstention. Dismissal, therefore, is appropriate.

## CONCLUSION

Based on the foregoing analysis, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of February, 2023.