UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KINLEY MACDONALD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-cv-00329-JAW |
| STATE OF MAINE, et al. | ) ) ) |
| Defendants. | ) |

**ORDER AFFIRMING RECOMMENDED DECISION**

On October 26, 2022, Kinley MacDonald, an inmate at the Cumberland County Jail, state of Maine, filed a petition for a writ of habeas corpus. *Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (ECF No. 1) (*Pet.*). On February 28, 2023, the Magistrate Judge issued a recommended decision, recommending that the Court dismiss the petition and deny a certificate of appealability. *Recommended Decision After Preliminary Review* (ECF No. 6) (*Recommended Decision*). On March 8, 2023, Ms. MacDonald filed an objection to the Magistrate Judge's decision, *Obj. to Magistrate Decision to Dismiss* (ECF No. 8), and on March 8 and April 5, 2023, she filed motions for appointment of counsel. *Mot. for Appointment of Counsel* (ECF No. 7); *Mot. for Appointment of Counsel* (ECF No. 9).

The Court has previously informed Ms. MacDonald that she is not entitled to appointed counsel for her civil actions. *See MacDonald v. Duddy*, No. 2:22-cv-00293-JAW, 2022 U.S. Dist. LEXIS 201009, at *2-4 (D. Me. Nov. 4, 2022) ("Given that she has now filed three motions for the Court to appoint counsel for her in her civil action,

it appears that Ms. MacDonald is under the misimpression that she must be entitled to a court-appointed lawyer"). That principle applies similarly to her habeas petition, as "[a]ppointed counsel is not a constitutional right in habeas proceedings." *United States v. Saccoccia*, 564 F.3d 502, 506 n.3 (1st Cir. 2009) (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

There is a federal statute, 28 U.S.C. § 1915(e)(1), that allows a court to request a civil litigator to represent a civil plaintiff like Ms. MacDonald. But the court is not authorized to appoint a lawyer, only to request that an attorney agree to the representation. Furthermore, Congress appropriated no funds to pay the civil lawyer. *Ruffin v. Bran*, 09-cv-87-B-W, 2010 WL 500827, at *1 (D. Me. Feb. 8, 2010); *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, the Court would have to ask a lawyer to represent Ms. MacDonald for free, something the Court has determined is not justified by the allegations in her case, and something that Ms. MacDonald could do just as well as the Court. Moreover, the extraordinarily rare instances where the Court employs § 1915 are limited to potentially meritorious cases. Here, as the Magistrate Judge has carefully explained, Ms. MacDonald's habeas corpus petition clearly lacks any merit because her criminal case remains pending in the courts of the state of Maine, and the federal courts must not interfere in ongoing state criminal matters. *Recommended Decision* at 2-3.

On the merits of Ms. MacDonald's petition, the Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court made a <u>de novo</u> determination of all matters adjudicated by the Magistrate

Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and dismisses the petition for writ of habeas corpus. Additionally, the Court denies a certificate of appealability because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge (ECF No. 6) be and hereby is <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that Kinley MacDonald's Petition for Writ of Habeas Corpus (ECF No. 1) be and hereby is <u>DISMISSED</u>.

3. It is further <u>ORDERED</u> that a certificate of appealability shall not issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

4. It is further <u>ORDERED</u> that Kinley MacDonald's Motions for Appointment of Counsel (ECF Nos. 7 & 9) be and hereby are <u>DENIED.</u>

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2023